# Jones *v.* The State.

*Indictment for Assault with Intent to Murder.*

79   23
120  369

1. *Conviction of less offense than charged.*—Under an indictment for an assault with intent to murder, a conviction may be had of a simple, assault, or an assault and battery; consequently, a charge which claims an acquittal, because the evidence fails to establish the felony, is properly refused.

2. *Self-defense.*—When the plea of self-defense is relied on, it is always important to inquire who provoked the difficulty; for the party who provoked it can not set up that plea.

3. *Charge as to "legal excuse" for shooting.*—What would be a "legal excuse" for the act of shooting, is a question of technical, legal learning, which the court should define, and should not leave to the decision of the jury; and a charge which leaves it to the jury is properly refused.

4. *Self-defense; charge as to.*—A charge asked, invoking the doctrine of self-defense, but ignoring the question of provocation by the defendant, which there is evidence tending to establish, and also ignoring the question whether there were any other means of escape, is properly refused.

[Jones v. The State.]

5. *Reasonable doubt; charge as to.*—A charge asked, which claims an acquittal "if the jury have a doubt about the defendant's guilt," is properly refused: only a reasonable doubt justifies an acquittal.

FROM the Circuit Court of Etowah.

Tried before the Hon. JAMES AIKEN.

The defendant in this case, James Jones, was indicted for an assault with a pistol on one William Croft, with the intent to murder him; was tried on issue joined on the plea of not guilty, found guilty as charged in the indictment, and sentenced to hard labor for the county for the term of two years. On the trial, as appears from the bill of exceptions, the evidence showed that the difficulty between the parties occurred under these circumstances: The defendant and one Bulger were playing a game of cards in an open field, and Croft was sitting near them. The defendant had put up his pistol against nine dollars as the stakes, and the pistol was lying between them. Croft made some remark about the game, and the defendant told him to "keep his mouth shut," or to "keep his mouth out of the game." Some other words then passed between them, when each attempted to seize the pistol; the defendant getting hold of the handle, and shooting Croft in the leg. Some of the witnesses testified, that Croft was advancing on the defendant when the latter fired ; and the defendant, testifying as a witness for himself, stated that "he had retreated into a brier-patch ten or twenty feet before he jerked the barrel of the pistol out of Croft's hands, and thereupon Croft drew his pocket-knife, opened it, and started towards him."

This being the substance of the evidence, the defendant requested the following charges in writing: (1.) "Before the jury can convict the defendant, they must believe from all the evidence, beyond a reasonable doubt, that he intended to kill William Croft, without legal excuse or provocation." (2.) "If the jury believe, from the evidence, that the defendant had a legal excuse for shooting Croft, then they must acquit him." (3.) "If the jury believe, from the evidence, that at the time of the shooting Croft was advancing on the defendant, with an open knife in his hand; and that it made the impression upon the defendant's mind that his life was in danger, or that he was in danger of great bodily harm; then they must acquit the defendant." (4.) "Before the jury can convict the defendant, they must believe from all the evidence, beyond a reasonable doubt, that the defendant shot said Croft unlawfully, and with malice aforethought; and if they have a doubt about the defendant's guilt, they must acquit him." The court refused each of these charges, and the defendant excepted to their refusal.

JAMES L. TANNER, for the appellant, cited the following case:s

·(Jones v. The State.]

*Meredith v. The State*, 60 Ala. 441; *Simpson v. The State*, 59 Ala. 1; *Washington v. The State*, 53 Ala. 29; *Cross v. The State*, 63 Ala. 40; *Eiland v. The State*, 52 Ala. 322; *Lewis v. The State*, 51 Ala. 1; *Rogers v. The State*, 62 Ala. 170.

THOS. N. McCLELLAN, Attorney-General, for the State, cited *Bryant v. The State*, 76 Ala. 55; *McDaniel v. The State*, 76 Ala. 7; *Henderson v. The State*, 77 Ala. 77; Thompson on Charging Juries, 2.

STONE, C. J.—The defendant was indicted for an assault with intent to murder William Croft. Under that indictment, he might have been acquitted of the higher offense, which under our statute is made a felony, and convicted of the lesser offense, an assault, or assault and battery. The testimony was not in harmony, but none of it exonerated the defendant from all blame in provoking, or bringing on the difficulty. This is always a material inquiry, when self-defense is relied on. It is an important factor; for circumstances which would fully establish self-defense, if unimpaired by provocation given, are often rendered impotent, if the person setting up the defense himself provoked or brought on the difficulty.—*DeArman v. The State*, 71 Ala. 351; *Storey v. The State, Ib.* 329.

The first charge asked ignores the minor degree of the offense, and demands an acquittal on evidence which, at most, only requires an acquittal of the felony. An intent to kill may, perchance, not have been proved beyond a reasonable doubt, and yet the assault so clearly established as to require a conviction of the misdemeanor. This charge is also obnoxious to the criticism we make on the second charge.—*Bryant's case*, 76 Ala. 33.

The second charge is faulty, in that it proposes to leave it for the jury to determine what would be a "legal excuse" for the shooting. What would justify or excuse one man in shooting another, is a question of technical, legal learning, which should be defined by the court, and not left to the jury.

The third charge asked is faulty in two respects. It ignores the question of provocation given by the accused, and it equally ignores all other means of escape.—*Lewis v. The State*, 51 Ala. 1; *Eiland v. The State*, 52 Ala. 322; *Cross v. The State*, 63 Ala. 40; *Mc Neezer v. The State*, 63 Ala. 169.

The fourth charge was properly refused, if for no other reason, for the following clause contained in it: "and if they [the jury] have a doubt about the defendant's guilt, then they must acquit the defendant." A mere doubt does not require an acquittal. It must be a reasonable doubt. *Mose v. The State*, 36 Ala. 211.

The judgment of the Circuit Court is affirmed.