# Payne *v.* The State.

## *Assault With Intent to Ravish.*

(Decided Jan. 24, 1907. 42 So. Rep. 988.)

1. *Indictment; Lesser Offense Included in Charge of Greater;* Assault to Ravish.—An indictment charging the offense of assault with intent to ravish, included the lesses offenses of assault and battery and simple assault.
2. *Criminal Law; Peremptory Instructions; Denial.*—Where the evidence was sufficient to justify a conviction for assault and

[Payne v. The State.]

.battery or simple assault, it was proper to refuse the affirmative charge, or to direct an acquittal.

3. *Rape; Assault to; Evidence.*—Evidence in this case examined, and held, to justify the finding that defendant was guilty of assault with intent to ravish.

4. *Criminal Law; Instructions.*—An instruction which fails to hypothesize all the facts upon which it is based, or which tends to vary or impair the force of the testimony upon which it is based, is properly refused.

5. *Same; Appeal; Review; New Trial.*—The denial of a motion for a new trial in a criminal case is not reviewable on appeal.

APPEAL from Butler Circiut Court.

Heard before HON. J. C. RICHARDSON.

The defendant was indicted tried and convicted for an attempt to forcibly ravish a woman. The tendencies of the evidence sufficiently appear in the opinion, as do the refused charges, with the exception of charge 3, which is as follows: "If from the evidence you do not believe that the defendant had any intention to forcibly ravish Barbara Grimes, at the time he put his arms around her, if you believe he did put his arms around her, but simply was persuading her to have intercourse with him, and from the evidence you believe defendant did nothing more, you cannot convict the defendant of any crime." There was a motion for a new trial, which is fully set out in the bill of exceptions, and to the court's refusal to grant it exception was reserved.

PEARSON, RICHARDSON & SMYTHE, for appellant.—The evidence did not warrant a conviction of the offense charged, and the affirmative charge should have been given for defendant.—*Jones v. State*, 90 Ala. 628; *Toulet v. State*, 100 Ala. 73; *Norris v. State*, 87 Ala. 85. On the same authorities charge 3 should have been given.

MASSEY WILSON, Attorney General, for State.—The affirmative charge was properly refused, if for no other reason, there was evidence from which an assault and battery might have been found.—*Millender v. State*, 40 South. Rep. 664. Charge 2 was properly refused.— *Smith v. State*, 129 Ala. 89.; *Dudley v. State*, 121 Ala. 4; *Brown v. State*, 121 Ala. 9. Charge 3 ignores testi-

[Payne v. The State.]

mony in the case.—*Fariss v. State,* 85 Ala. 1; *Kennedy v. State,* 85 Ala. 326; *Green v. State,* 97 Ala. 59.

HARALSON, J.—The defendant was indicted under section 4346 of the Code of 1896 for an assault upon a woman with intent to forcibly ravish her. This included the lesser degree of a simple assault, or an assault and battery.—*Jones v. State,* 79 Ala. 23; *Horn v. State,* 98 Ala. 23, 13 South. 329; *Millender v. State,* (Ala.) 40 South. 664.

2. There was evidence from which the jury might have convicted of the lesser offense of an assault or of assault and battery, and charges 1 and 5, that if the jury believed the evidence, they must find the defendant not guilty, was properly refused.

3. The second charge, requested by the defendant, was properly refused. It instructed the jury that if they believed the evidence, they could not convict the defendant of an assault with intent to rape. The prosecutrix, Barbara Grimes, testifies that she accompanied defendant to Gentry's show, and after the show when they started home, coming to an alley, defendant grabbed witness around the waist and squeezed her to the ground, and stated that he was going to do it, and when defendant grabbed and squeezed her, trying to throw her to the ground, witness hallooed, screamed and called to her cousin, Joe, when defendant turned her loose and ran off; and she went home about 200 yards away; that all defendant did was to grab her around the waist and squeeze her to the ground. This occurred in the alley, as defendant testified.

Joe Blankenship testified, that about 10 o'clock at night he heard prosecutrix screaming and hallooeing, and heard her telling somebody to let her alone; and when witness went to meet, and came to her, she was very much excited and crying. From this evidence, if believed by the jury, they might well have found the defendant guilty as charged in the indictment, which they did.—*Smith v. State,* 129 Ala. 90, 29 South. 699, 87 Am. St. Rep. 47.

4. Charge 3 is subject to the vice of ignoring other testimony, than that hypothesized, the tendency of

[Pitman v. The State.]

which was to vary or impair the force of the testimony the charge is based upon.—*Kennedy v. State,* 85 Ala. 327, 5 South. 300; *Fariss v. State,* 85 Ala. 1, 4 South. 679; *Green v. State,* 97 Ala. 60, 65, 12 South. 416, 15 South. 242.

5. The motion for a new trial in a criminal case is not revisable on appeal.—*Thomas v. State,* 139 Ala. 85, 36 South. 734.

The judgment and sentence of the coure below is affirmed.

Affirmed.

TYSON, C. J., and SIMPSON and DENSON, JJ., concur.