# CASES

IN THE

# SUPREME COURT OF ALABAMA

NOVEMBER TERM 1906-1907.

## Pittman *v.* The State.

*Assault and Battery.*

(Decided Dec. 19, 1907. 45 South. 245.)

1. *Criminal Law; Trial; Rule; Offer of Evidence.*—Counsel having failed to state the facts expected to be elicited from the witness, it was not error to sustain an objection preventing the testimony of such witness, when the rule had been invoked and all the witnesses put thereunder, although counsel stated that the witness was in possession of material facts and that the information had come to counsel only a few minutes before he offered the witness.

. 2. *Same; Examination of Witness.*—It is not error to sustain an objection to a question which may be answered by detailing a conversation which is immaterial, or by which the other party is not bound; and if it was the purpose of the question to bring out matters concerning a conversation already detailed, the question should have been pointedly addressed to it, or some statement made of what was expected to be shown.

3. *Same; Argument of Counsel.*—Argument of counsel not supported by evidence in the case is always properly excluded, but if indulged in may be answered by the other side.

4. *Same; Appeal; Harmless Error.*—Where one accused of the higher offense is convicted of a lower grade it is harmless error to refuse charges as to the higher offense.

APPEAL from Monroe Circuit Court.

Heard before Hon. John T. LACKLAND.

Walter Pittman was convicted of an assault and battery, and he appeals. Affirmed.

See 148 Ala. 612, 42 South. 993.

The defendant was indicted for assault with intent, and convicted of assault and battery. The bill of ex-

ceptions shows with reference to Stallworth the following: "The defendant then offered to introduce as a witness in his own behalf B. H. Stallworth, court bailiff. The solicitor objected to the witness testifying to anything except the good character of defendant, upon the ground that he had not been called and sworn as a witness for the defendant at the time the other witnesses were called and sworn, and upon the further ground that he had heard the testimony of the witnesses for the state; that the said Stallworth was not sworn and put under the rule with the other witnesses. Defendant's attorney stated to the court that he had just learned that Mr. Stallworth was in possession of some material facts which he wished to prove; that this information had come to him only a few minutes before he offered to introduce the witness. The witness was sworn, and stated that he had been in and out of the courthouse during the trial of the case; that he had heard portions of the testimony of the witnesses Alice and J. S. Collins for the state, but had not heard any of the testimony of Tiny Collins. Thereupon the court sustained objections of solicitor and declined to permit the witness to testify, and the defendant duly excepted." While the defendant was testifying for himself, defendant's counsel asked him: "Was there any conversation between Mr. Collins and yourself in regard to the tracks around the window that morning after you returned to the house?" And "Did they accuse you of having gone into that room?" And "What conversation, if any, took place between you and Mr. Collins at his house the next morning when you returned there?" In arguing the case the defendant's attorneys called the attention of the jury to the manner in which the sister of the prosecutrix testified on the stand, and to the fact that she smiled when she looked at and referred to the defendant. The solicitor in his

[Pittman v. The State.]

closing remarks said: "Gentlemen of the jury, I did not see that girl. You may have seen it; but I will tell you what I saw. I saw great tears in the eyes of that girl while she was testifying." Exception was reserved to this argument. The two charges referred to required the acquittal of the higher offense charged.

BARNETT & BUGG, for appellant. The court erred in refusing to permit the court bailiff to testify, because he was an officer of the court and not subject to the rule, and was not a witness when the other witnesses were sworn and put under the rule, and because defendant did not know of his testimony at the time.—*Degg v. The State*, 43 South. 484. The court erred in excluding the remarks of counsel.—*Mitchell v. The State*, 114 Ala. 5; *Kelso v. The State*, 47 Ala. 591. The court erred in not excluding the remarks of the solicitor.—*Cross v. The State*, 68 Ala. 476; *DuBose v. The State*, 42 South. 862. Charge 9 should have been given.—42 South. 993.

ALEXANDER M. GARBER, Attorney General, for the State. On the showing made the court did not err in sustaining an objection to permitting the witness Stallworth to testify.—*Tolbert's Case*, 87 Ala. 27; *Ross' Case*, 139 Ala. 144; *Smith's Case*, 142 Ala. 14; *Martin v. The State*, 142 Ala. 8; *Franklin v. The State*, 39 South. 979. The court did not err in reference to introduction of testimony.—*Ray v. The State*, 129 Ala. 9. The court did not err in refusing to permit plaintiff's counsel to make the argument concerning Wilcox.—*Lane v. The State*, 85 Ala. 11; *Goodlet v. The State*, 136 Ala. 39. The argument of the solicitor was in response to the argument of defendant's counsel.—*Dollar v. The State*, 99 Ala. 236. The defendant was found guilty of assault and battery, and the charges were concerning a higher grade of of-

fense, hence, they need not be considered.—*Williams v. The State,* 140 Ala. 10; *Mitchell v. The State,* 133 Ala. 65.

TYSON, C. J.—If under any circumstances defendant was entitled to adduce the testimony of Stallworth, the showing made was wholly ineffectual to put the court in error in its refusal to permit him to testify, as a witness. Whether the facts desired to be proven were material was a question for the court, and not one for the determination of counsel. The facts proposed to be proven should have been stated in the showing.

There was no error in sustaining the objection to the question propounded to the defendant as a witness calling for a conversation with Collins. This question could have been answered by detailing a conversation which had not been brought out by the prosecution, and by which the State was in no wise bound. If it was the purpose to ask about a conversation which the state had proven, the question should have been pointedly addressed to it, or some statement made of what was expected to be elicited in the answer. Any conversation between defendant and Collins, on the next morning, was wholly illegal; and the court's ruling, sustaining the objection to the question eliciting such conversation, was clearly proper. So, also, was the ruling in sustaining the objection to the question whether they accused defendant of going into the room.

There was no testimony tending in any degree to show that Wilcox committed the offense charged against this defendant.—*Pitman v. State,* 148 Ala. 612, 42 South. 993. There was, therefore, no error committed by the court in stopping defendant's counsel in the making of his argument along that line, or in refusing charge No. 9, requested by defendant.

[Crenshaw v. The State.]

The argument of the solicitor, to whom an objection was interposed, appears to have been in response to one made by defendant's counsel, and was therefore permissible.—*Dollar v. State,* 99 Ala. 236, 13 South. 575.

The defendant having been convicted of an assault and battery, it is unnecessary to consider charges 7 and 8, refused to defendant. Their refusal, if error, was without injury.—*Williams v. State,* 140 Ala. 10, 37 South. 228.

Affirmed.

HARALSON, SIMPSON, and ANDERSON, JJ., concur.