# Lovett v. The State.

*Assault With Intent to Murder.*

(Decided February 12, 1914. 64 South. 643.)

1. *Charge of Court; Reasonable Doubt.*—A charge asserting that if the jury have no reasonable doubt of defendant's guilt, you should convict him, although you might believe it possible that he is not guilty, is a correct statement.

2. *Same.*—A charge asserting that it is not the duty of the jury to convict the defendant to vindicate the law, or improve public

[Lovett v. The State.]

morals, unless the evidence is so convincing as to lead your minds to the conclusion that defendant cannot be innocent, was properly refused as requiring the state to prove the impossibility of defendant's innocence.

3. *Assault and Battery; Self-Defense.*—A charge asserting the doctrine of self-defense, but omitting to require any inquiry, as to defendant's freedom from fault in provoking the difficulty is properly refused.

4. *Same.*—A charge on self-defense which confines the inquiry as to defendant's freedom from fault to the exact time of the shooting, is properly refused.

5. *Same.*—A charge which is likely to mislead the jury to the conclusion that defendant could not be found guilty unless it was of the highest grade of the offense, included in the indictment, is properly refused where under the evidence the defendant might properly have been convicted of a lower grade of the same offense.

APPEAL from Lawrence Circuit Court.

Heard before Hon. D. W. SPEAKE.

Ed Lovett was charged with assault with intent to murder, and convicted of assault with a weapon, and he appeals. Affirmed.

The following charge was given for the state: "I charge you, gentlemen of the jury, that if you believe from the evidence in this case beyond a reasonable doubt that defendant is guilty, although you may believe it is possible that he is not guilty, you must convict him."

The following charges were refused the defendant:

(42) "I charge you, gentlemen, that it is not your duty to convict defendant to vindicate the law, or improve public morals, unless the evidence was so convincing as to lead your minds to the conclusion that defendant cannot be innocent."

The first charge set out as refused to defendant is as follows:

"If the jury believe from the evidence that defendant was in Hokett's store, conducting himself in a quiet and peaceable manner, without any intention to harm Burt, or to bring on a difficulty with him, that he has

[Lovett v. The State.]

just been informed that Burt was armed with a deadly weapon, and was threatening his life, that Pat came in said store and approached within a few feet of defendant, and placed his hand under his coat in such a manner as to indicate to a reasonable mind that his purpose was to draw a deadly weapon or pistol and fire, then defendant was authorized to anticipate him and fire first."

(G) "The danger that would excuse one from attempting to kill another need not be real or actual, and, if the jury believe from all the evidence in the case that the appearances of danger surrounding defendant at the time were such as to produce a reasonable belief in the mind of defendant that his life was in great danger, or that he was to suffer great bodily harm, and that there was no other reasonable means at the time open to defendant to avoid the danger except to shoot Burt, the defendant being without fault at the time, the law holds him harmless, and the jury should acquit him."

(I) "I charge you, gentlemen, that you would not be authorized to find defendant guilty as charged in the indictment, unless you believe from the evidence beyond a reasonable doubt that the shooting was maliciously done, and was done as a result of deliberation, and as a consummation of a purpose to kill or do great bodily harm."

W. T. Lowe, for appellant. No brief reached the Reporter.

R. C. Brickell, Attorney General, for the State.

WALKER, P. J.—There is no merit in any exception reserved to a ruling of the court on a question of evidence.

[Lovett v. The State.]

The burden which is assumed by the state in a criminal case is to prove beyond a reasonable doubt that the defendant is guilty of an offense embraced in the charge against him. It is not incumbent upon it to prove the impossibility of his innocence. It follows that no reversible error was committed in giving the written charge requested for the state, or in refusing to give written charge 42, requested by the defendant.

Whether or not the refused charge which is the first one set out in the bill of exceptions was otherwise faulty, its failure to require any inquiry as to the defendant's freedom from fault in provoking or bringing on the difficulty justified the refusal of the court to give it.

The defendant was not entitled to require the inquiry as to his freedom from fault to be confined to the exact time of the shooting. It follows that it was not error to refuse to give written charge G, requested by him.

The court was not required to give written charge I, requested by the defendant, as it was so expressed as to be liable to mislead the jury to the conclusion that the defendant could not be found guilty of an assault, unless it was the highest grade of the offense included in the charge made by the indictment.—*Jones v. State,* 79 Ala. 23; *Curry v. State,* 120 Ala. 366, 25 South. 237.

No error is found in the record.

Affirmed.