## SMITH v. STATE. (5 Div. 527.)

(Court of Appeals of Alabama. Dec. 16, 1924. Rehearing Denied Jan. 13, 1925.)

**1. Criminal law ⬤⟿99 — Trial on indictment without arrest thereunder not error.**

It is not error to put person to trial for noncapital felony on indictment under which he has not been arrested or warrant of arrest issued, where he appears in court, though that appearance be for trial under another indictment.

**2. Criminal law ⬤⟿575—Indictment must be on docket one entire day before trial.**

Where defendant appears in court for trial under one indictment, court may in its discretion put him to trial under subsequent indictment, where both were set for same date, and where second case has been on docket for at least one entire day prior thereto, as required by Acts 1919, p. 104, § 1.

**3. Criminal law ⬤⟿448(11) — Conclusion that defendant worked at still held competent, as shorthand rendering of fact.**

In prosecution for manufacturing liquor, statement of witness that defendant was working at a still is competent, being shorthand rendering of a fact.

**4. Intoxicating liquors ⬤⟿236(5)—Not necessary to prove still suitable for manufacturing liquor when found in operation.**

Only when parts of still are found is it necessary to prove it to be suitable for purpose of manufacturing liquors and not when complete still is found in operation.

**5. Intoxicating liquors ⬤⟿233(1)—Condition of clothing of alleged still operator competent.**

It was competent to show that defendant's clothing, when he was arrested at still, had beer and slop on it, and that he was smutty, as tending to connect him with operation of still.

**6. Criminal law ⬤⟿517(4) — Proof of corpus delicti necessary before confession admissible.**

Proof of corpus delicti is necessary before confession is admissible.

**7. Criminal law ⬤⟿517(4)—Corpus delicti held sufficiently proven to render confessions admissible.**

Evidence, in prosecution for manufacturing liquor, that defendant was working alone at still in operation, from which gallon of whisky had run, and that he ran at approach of officers, was sufficient proof of corpus delicti to render his confessions admissible.

─────────────────────────────

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**8. Criminal law ☞517(I)—Confession admissible, where no threats and inducements offered.**

Confession of accused is admissible, where no threats are made or inducements offered.

**9. Criminal law ☞741(3) — Credibility and weight of evidence of confession jury question.**

It is for jury to determine credibility and weight of evidence of confessions, considering all of circumstances under which they were made and relations between accused and witnesses to confessions.

Appeal from Circuit Court, Chilton County; George F. Smoot, Judge.

Esco Smith was convicted of manufacturing liquor and possessing a still, and he appeals. Affirmed.

J. B. Atkinson, of Clanton, for appellant.

It was error to put the defendant to trial on the new indictment over his timely objection. Code 1907, § 7152; Acts 1919, p. 104. The corpus delicti not having been sufficiently proven, it was error to admit the alleged confession of defendant. Wilson v. State, ante, p. 62, 100 So. 914; Hanson v. State, 19 Ala. App. 249, 96 So. 655; Johnson v. State, 142 Ala. 1, 37 So. 937. No preliminary inquiry was had to determine the voluntary character of the confession, and the admission of such confession was error. Sample v. State, 1 Ala. App. 89, 56 So. 30.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

FOSTER, J. The appellant was indicted on November 2, 1923, for violating the prohibition law, was arrested under capias issued on the indictment and made appearance bond. This case was regularly set for trial for April 1, 1924. On March 28, 1924, the appellant was again indicted on a similar charge. Upon the last indictment no writ of arrest was issued. The clerk, on March 29, 1924, docketed a case against the defendant under the indictment found March 28th, and set it for hearing April 1st. The defendant appeared on April 1st to answer the indictment found November 2, 1923. The defendant was on April 1st put to trial, against his protest and objection, on the indictment found March 28th. The grounds of objection were: (1) That he had not been arrested under said indictment; (2) that the case had not been upon the trial docket for the time required by law. To the action of the court in overruling defendant's objections and putting the defendant to trial exception was reserved.

Section 7838, Code of 1907, required the clerk of the circuit court to set for trial all criminal cases in his court, except capital cases, and cases of parties in custody, for particular days.

An act of the Legislature (Acts 1919, p. 104), approved February 15, 1919, provides that no person shall be tried·"on an indictment presented by the grand jury until at least one entire day after the case has been placed upon the trial docket of the court, except with the consent of the defendant"; but this section "shall not apply to cases where an indictment has been quashed or demurrer sustained thereto and a new indictment for identical offense is returned on the same day." Section 1.

The indictment on which the defendant was tried was returned into court on March 28, 1924, the case was docketed March 29th, and set for trial April 1st. The regular procedure after the finding of an indictment is that the clerk shall issue a capias or warrant of arrest and place it in the hands of the sheriff for execution, and the sheriff shall arrest the, defendant, and, if the case is bailable, place him under bond for his appearance in court, and make his return to the clerk, who shall then place the case upon the docket, and in case of a noncapital felony the clerk may set it for trial on a particular day of the term.

[1, 2] While such proceedings are usual, it is not indispensable that the clerk shall issue the capias or the sheriff shall arrest the defendant. If the defendant appears in court, although to answer another indictment, the court may order him to trial upon the new indictment, provided there has been a lapse of an entire day since the finding of the indictment. And, if an indictment has been quashed or demurrer sustained thereto, a defendant may be put to trial upon a new indictment found on the day of the trial if the new indictment is for. the identical offense.

Error cannot be predicated upon the action of the trial judge in putting the defendant to trial in a noncapital felony case on an indictment upon which a warrant of arrest had not issued and the defendant had not been arrested, where the defendant appears in court. The warrant of arrest is for the purpose of bringing the defendant into court, and, if he is there, he cannot complain that no such warrant was issued. If the defendant was in court, it was in the sound discretion of the trial court to put the defendant to trial on the new indictment; the case having been on the trial docket and the indictment having been returned for at least one entire day before the trial.

The evidence for the state was directed to showing that certain officers discovered the defendant alone working at a 20-gallon still, in full operation; that about a gallon of whisky had run from the still. Upon the approach of the officers the defendant ran, was caught by some of the officers, and that

the defendant there admitted that he fired up the still and that no one was with him.

The evidence for the defendant tended to show that he was looking for cows and came on the still; that he had nothing to do with its operation, control, or ownership; that he did not admit firing it up; and that it was not on his premises.

[3] It was competent for the state to show by the witness Gillispie that the defendant was working at the still. This was a material issue in the case, and was a shorthand rendering of a fact. 1 Mayf. Dig. p. 336, par. 27.

[4] The question propounded to the witness Gillispie seeking to elicit testimony that the apparatus found was suitable for making whisky was not prejudicial to the defendant, as the evidence showed without conflict that it was a complete outfit in full operation and whisky running from it. The fact that whisky was being manufactured on the still was the best evidence that it was suitable for that purpose. Where a complete still is found in operation, it is not incumbent upon the state to show that the still was suitable to be used for the purpose of manufacturing prohibited liquors. It is only in cases where parts of a still are found that such proof is necessary.

[5] It was competent for the state to show that the defendant's clothing at the time he was arrested at the still had beer and slop on it, and that he was smutty, as tending to connect him with the operation of the still. Whatever tends to shed light on the main inquiry is admissible. Campbell v. State, 23 Ala. 44; Mattison v. State, 55 Ala. 224.

[6, 7] Proof of the corpus delicti is necessary before a confession is admissible. Ryan v. State, 100 Ala. 94, 14 So. 868; Winslow v. State, 76 Ala. 42; Colquitt v. State, 61 Ala. 48. The corpus delicti was sufficiently proven in the instant case as shown by the evidence for the state above set out.

[8] Where no threats are made or inducements offered, the confessions of the accused are admissible. Newell v. State, 115 Ala. 54, 22 So. 572; Brister v. State, 26 Ala. 128.

[9] It was competent for the state, after proper predicate laid, to show by the witness Gillispie a confession of the defendant at the time of his arrest. It is for the jury to determine the credibility and weight to be given evidence of confessions upon a consideration of all the circumstances under which they were made and the situation of the accused and his relation to the party to whom the confession was made. Washington v. State, 53 Ala. 29; Matthews v. State, 55 Ala. 189; Redd v. State, 69 Ala. 256.

Charges 1, 2, and 3 were properly refused. They are the general affirmative charge for the defendant, and the affirmative charge

for the defendant under each count of the indictment. There was ample evidence to justify a conviction under both counts of the indictment.

The record fails to disclose error. The judgment of conviction is affirmed.

Affirmed.