179 So. 398

### WILLIAMSON v. STATE.

#### 7 Div. 305.

Court of Appeals of Alabama.

Feb. 22, 1938.

Scott & Dawson, of Fort Payne, for appellant.

A. A. Carmichael, Atty. Gen., and Francis M. Kohn, Asst. Atty. Gen., for the State.

---

[1] Ante, p. 73.

BRICKEN, Presiding Judge.

The defendant was tried upon an indictment which charged him with the offense of assault with intent to murder one Ardell Reece, to which indictment he interposed his plea of "not guilty."

The trial resulted in his conviction of an assault with a gun, and the jury assessed a fine against him of $100. Failing to pay said fine, and the costs, or to confess judgment therefor, the court sentenced him to hard labor for the county for thirty days, to pay the fine, as the law requires; and to 124 days to pay the cost which amounted to $90.25. In addition thereto, the court sentenced him to imprisonment in the county jail for six months, which term of imprisonment was added by the court.

Upon the trial of this case in the court below no objections were interposed or exceptions reserved to any ruling of the court, except to the action of the court in overruling defendant's motion for a new trial; and the refusal by the court to give several special written charges requested by the defendant.

■ Charge 1 was properly refused, if for no other reason it referred to the felony charge, which was eliminated by the jury's verdict in finding the defendant guilty of the lesser offense, a misdemeanor, which was included in the offense charged in the indictment.

■ Charge 2 does not contain a correct proposition of law; it was properly refused.

■ Charges 3, 4, and 5 were also properly refused, for the reasons above stated.

■ Among other grounds in the motion for a new trial, it was insisted that "the court erred in his oral charge to the jury." No exception was reserved to the oral charge of the court, therefore no question is presented for review in this connection.

■ Grounds 4 and 5 of the motion for a new trial are as follows:

"4. The verdict of the jury finding the defendant guilty of assault with a gun is contrary to the evidence as to the instrument with which the assault was committed.

"5. All the evidence in the case as to the instrument with which the assault was committed was that it was done with a pistol and not with a gun as was found by the jury."

The jury returned the following verdict: "We the jury find the defendant guilty of assault with a gun and assess his fine at $100.00." The foregoing verdict followed the instructions of the court in its oral charge as to the form of verdict. As to this the court said: "On the other hand if you are not convinced he is guilty of an assault with intent to murder but that he is guilty of an assault with a gun or simple assault or assault and battery, then your verdict would be, 'We the jury, find the defendant guilty of an assault or assault with a gun and we assess a fine against him of so much, not more than $500.00,' and one of your number sign your verdict." The point insisted upon in this connection is that the evidence disclosed that the defendant assaulted and shot the alleged injured party with a *pistol* and not with a *gun*. This insistence is without merit and cannot avail the appellant. The following authorities are conclusive on this point. Hull v. State, 79 Ala. 32; Turner v. State, 97 Ala. 57, 59, 12 So. 54, 55; Taylor v. State, 148 Ala. 565, 42 So. 997; Huckabee v. State, 159 Ala. 45, 48 So. 796, 797; Alabama Great Southern Railway Co. v. McFarlin, 174 Ala. 637, 56 So. 989, 991.

In Hull v. State, supra, the court said: "Under an indictment which charges an assault with a razor, a conviction may be had on proof of an assault with a pocketknife; the two instruments being of the same kind, and the character of the wounds inflicted being substantially the same, the variance is immaterial."

In Turner v. State, supra, the court stated: "The indictment alleges the deceased came to his death by defendant's shooting him with a gun. The proof showed he was shot with a pistol, and defendant objected to the evidence of his having been shot with a pistol; but the court admitted the evidence, and defendant excepted. The variance is immaterial, since the two weapons are the same in character, and inflict the same character of wound."

In Taylor's Case, supra, it was held: "An indictment charging that the defendant committed a homicide by shooting the deceased with a pistol is supported by evidence that he shot deceased with a shot gun."

Huckabee's Case, supra, holds: "If the allegation be that he killed him with a gun, proof that he killed him with a pistol would support it."

In Alabama Great Southern Railway Co. v. McFarlin, supra, it is said: "Even in criminal cases there are a number of decisions to the effect that proof of killing by another weapon of substantially the same kind as that alleged in the indictment does not constitute a variance."

Appellant's brief in no manner complies with Supreme Court Rule 10, but without reference to this, we gather therefrom that the principal point of decision relied upon to effect a reversal is to the effect that "the court was unauthorized to place additional punishment on the defendant, he having been indicted with (for) assault with intent to murder and convicted of assault with a deadly weapon."

The statute provides: "When the indictment charges an offense of which there are different degrees, the jury may find the defendant not guilty of the degree charged, and guilty of any degree inferior thereto, or of an attempt to commit the offense charged; and the defendant may also be found guilty of any offense which is necessarily included in that with which he is charged, whether it be a felony, or a misdemeanor." Code 1923, § 8697.

In our case of Craven v. State, 22 Ala. App. 39, 41, 111 So. 767, 769, this court said: "That an assault with a weapon is included in the charge of an assault with intent to murder has been expressly decided in this State. Jones v. State, 79 Ala. 23; Horn v. State, 98 Ala. 23, 13 So. 329; Curry v. State, 120 Ala. 366, 25 So. 237; Payne v. State, 148 Ala. 609, 42 So. 988; Lovett v. State, 10 Ala.App. 72, 64 So. 643."

The defendant having been convicted of a misdemeanor, to wit, assault with a gun, and the fine assessed by the jury, the court, under the statute, section 3299 of the Code 1923, had authority to impose, as additional punishment, imprisonment in the county jail for six months. There was no error in this connection, nor was there error in overruling defendant's motion for a new trial.

No reversible error appearing, and the record being regular in all things, the judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.