46 So.2d 567

## TODD v. STATE.

### 6 Div. 64.

Court of Appeals of Alabama.

May 30, 1950.

P. A. Nash, Oneonta, for appellant.

A. A. Carmichael, Atty. Gen., and Jas. T. Hardin, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

Chapter 12, Title 14 of the Code of Alabama 1940 deals with "Assaults."

Title 14, Section 35 of said Chapter reads as follows: "Any person or persons who, while masked or while their faces are hidden or partially concealed for the purpose of concealing themselves or their identity shall whip, flog, beat, or in any other way assault any person or persons shall be guilty of a felony and upon conviction shall be punished by imprisonment in the penitentiary for not less than one year nor more than ten years, at the discretion of the jury."

■ The indictment in this case as appears of record is as follows: ".The Grand Jury of said County charge that before the finding of this Indictment Reuben Todd, while masked, or while his face was hidden, or partially concealed, for the purpose of concealing himself, or his identity, did feloniously assault M. L. Thomason, in the night time, contrary to law, and against the peace and dignity of the State of Alabama."

The defendant filed demurrers to the indictment as follows: (1) Because said indictment charges no offense known to the laws of the State of Alabama. (2) Because said indictment is a mere conclusion of the pleader. (3) Because said indictment is too vague, indefinite and uncertain.

The court properly overruled the demurrers. The quoted indictment is ample in every respect and is sufficient to enable the defendant, or any person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce proper judgment. Moreover, a comparison of the language of the above-quoted statute, with the language of the indictment, is conclusive of this question, for it affirmatively appears that the indictment substantially follows the wording of the statute, and is therefore sufficient in every respect.

■ The verdict of the jury found the defendant guilty of an assault and assessed a fine of $500.00.

Appellant insists that the jury was without authority to find the defendant guilty of a simple assault. There is no semblance of merit in this insistence, for the statute, Title 15, Sec. 323, Code 1940, provides, "When the indictment charges an offense of which there are different degrees, the jury may find the defendant not guilty of the degree charged, and guilty of any degree inferior thereto, * * * which is necessarily included in that with which he is charged, whether it be a felony, or a misdemeanor." The offense charged in this indictment, though a felony, necessarily, and as a matter of law, included therein the lesser offense of a simple assault. Williamson v. State, 28 Ala.App. 92, 179 So. 398; 12 Alabama Digest, Indictment and Information, ☞191 (9) p. 107; Jones v. State, 79 Ala. 23; Horn v. State, 98 Ala. 23, 13 So. 329; Millender v. State, 147 Ala. 688, 40 So. 664; Payne v. State, 148 Ala. 609, 42 So. 988.

■ The appeal in this case is upon the record proper. No testimony is incorporated in the transcript. Nor is the oral charge of the court to the jury. As a result of which the remaining insistences of the appellant are not presented for review. The purported questions relate to the action of the court in refusing certain written charges requested by the defendant, and also in overruling and denying his motion for a new trial.

No error appearing upon the record the judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.