227 So.2d 801

**Herschell VAUGHN**

v.

**STATE.**

**6 Div. 14.**

Court of Criminal Appeals of Alabama.

Oct. 7, 1969.

Rehearing Denied Nov. 4, 1969.

**170**

Roy D. McCord, Gadsden, for appellant.

MacDonald Gallion, Atty. Gen., and Robt. E. Morrow, Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

The indictment charged assault with intent to murder. Conviction was for the offense of assault and battery.

The verdict of the jury was as follows:

"We, the Jury, find the defendant guilty of assault and battery and refuse to fix the punishment."

The sentence of the court reads:

"* * * that the State of Alabama for the use of Blount County have and recover of the defendant six months hard labor."

Counsel for appellant insists that the refusal of the jury to assess a fine rendered the court powerless to impose a hard labor sentence.

The statute under which defendant was convicted provides that upon conviction a defendant shall "be fined not more than five hundred dollars, and may also be imprisoned in the county jail, or sentenced to hard labor for the county, for not more than six months." (Title 14, Sec. 33, Code 1940)

Under this statute the jury has the authority to assess the fine (Title 15, Sec. 335, Code); and the judge may, in his discretion, impose as additional punishment imprisonment in the county jail, or at hard labor for the county for not more than six months. (Title 15, Secs. 328, 333, Code). Or the jury, if in their judgment the defendant should be punished in some other mode than by imposition of a fine, may only find him guilty and leave the imposition of punishment to the court. (Sec. 336, Title 15, Code.) Golson v. State, 86 Ala. 601, 5 So. 799; Deck v. State, 23 Ala.App. 304, 124 So. 505.

In Turner v. State, 39 Ala.App. 295, 98 So.2d 69, we held that in the sentence the words, "the State of Alabama for the use of," were mere surplusage. Omitting these words, the effect of the sentence is that appellant perform hard labor for Blount County for six months.

The two requested charges refused to defendant relate to the charge of assault with intent to murder. The verdict operated as an acquittal of this charge. The refusal of instructions relating to assault with intent to murder was harmless where accused was convicted of a lesser offense. Adkinson v. State, 21 Ala.App.

264, 107 So. 323; Pittman v. State, 153 Ala. 1, 45 So. 245.

We find no reversible error in the record. The judgment is due to be and hereby is affirmed.

Affirmed.