303 So.2d 153

**Robbie WILSON**

v.

**STATE.**

I Div. 499.

Court of Criminal Appeals of Alabama.

Nov. 12, 1974.

**654**

No brief for appellant.

William J. Baxley, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

LEIGH M. CLARK, Supernumerary Circuit Judge.

Appellant was indicted for an assault with intent to murder. The indictment followed the language prescribed by Form 16, Title 15, Section 259, Code of Alabama 1940. The jury found him guilty of an assault with a weapon and assessed a fine of $500.00. The court entered a judgment accordingly and as additional punishment imposed a sentence of four months imprisonment in the county jail or hard labor for the county. Defendant gave due notice of an appeal and filed a motion for a new trial, which was overruled by the trial court.

■ Upon arraignment and a plea of not guilty, the case was set for trial on a definite date approximately three weeks after arraignment, at which time defendant through his employed counsel objected to defendant's being put to trial in this case because of the fact that he also was charged in another case that was on the docket for the same day ahead of this case. The other case was an older case than this one. The court overruled defendant's objection, which was a matter within the discretion of the court, in accordance with what was held in Smith v. State, 20 Ala. App. 442, 102 So. 733, that the court may in its discretion put a defendant to trial under a subsequent indictment, where two cases are set for the same day, and where the second case has been on the docket for at least an entire day prior to the trial. It should be said also that the record indicates that this case was not selected by counsel for the State for trial ahead of the other case against defendant, but that an important witness in the other case, who happened to be a defendant in a third case, had asked to be excused on account of the urgency of his work, and that apparently counsel for the State had agreed to excuse him. The record is not altogether clear as to the details, but it appears that if there was any misunderstanding between counsel, there was no fault on the part of defendant's counsel or on the part of the State's counsel, that there was no advantage to the State in trying this case instead or ahead of the other. The action of the trial court did not constitute an abuse of its discretion.

■ Testimony of Mr. Eddie Slayton, the person alleged to have been assaulted, was to the effect that he, while in the per-

formance of his duties as a deputy sheriff of Clarke County, went to the home of appellant's mother looking for appellant, for whom the witness had a warrant of arrest. He was met there by two other law enforcement officers, one of whom had another warrant of arrest for appellant. On seeing them, the defendant "broke and ran" to his automobile in the yard near a driveway; he was told to stop by the witness, but he did not stop; he jumped in his car, locked all four doors, put his car in gear and, while looking at the witness and one of the other officers, drove at a high speed directly toward them. He came within ten or fifteen feet of them, and they then jumped on a nearby porch; defendant ran his car against the porch and hit another automobile parked in the driveway; his car became wedged lengthwise between the porch and the other automobile; he alternated forward and backward movements and backed his automobile into the porch a half dozen times knocking down two posts of the porch in the process, and one of the posts hit Deputy Slayton. Upon obtaining clearance to move along the driveway, defendant hurriedly drove away, but his car went out of control as one of the officers fired a weapon and blew out the left rear tire. Defendant then jumped out of the automobile and ran.

The testimony of Mr. Slayton was corroborated in all material details by the testimony of the other officers.

The testimony of two witnesses for defendant was to the effect that the hitting of the porch by the automobile being driven by defendant was accidental, after his automobile had struck the other automobile in the driveway. Defendant did not testify.

The evidence on behalf of the State was of sufficient strength to justify the verdict of the jury and to support the action of the court in overruling defendant's motion for a new trial. There was strong evidence to show every essential element of an assault contained in the uniformly accepted definition thereof in Tarver v. State, 43 Ala. 354:

"An assault is any attempt or offer, with force or violence, to do a corporal hurt to another, whether from malice or wantonness, with such circumstances as denote, at the time, an intention to do it, coupled with a present ability to carry such intention into effect."

It is well settled that a conviction of an assault, or an assault and battery, a misdemeanor covered by Title 14, § 33, Code of Alabama 1940, is valid as a conviction of a lesser included offense in an indictment charging an assault with intent to murder, which constitutes a felony, as provided by Title 14, § 38, Code of Alabama 1940. Payne v. State, 148 Ala. 609, 42 So. 988; Craven v. State, 22 Ala.App. 39, 111 So. 767; Vaughn v. State, 45 Ala.App. 169, 227 So.2d 801.

In Williamson v. State, 92 Fla. 980, 111 So. 124, 53 A.L.R. 250, it was held that an automobile being a thing which may be used in destroying or injuring an enemy may be a "weapon" though not designed or constructed for that purpose. We need not concern ourselves further as to this question, however, as the language "with a weapon" in the verdict and judgment may be treated as surplusage. Here there was no charge of an assault with a weapon and no necessity for evidence showing the use of a weapon to sustain a verdict finding defendant guilty of an assault. This conclusion is not inconsistent with Cozart v. State, 42 Ala.App. 535, 171 So.2d 77, cert. denied 277 Ala. 698, 171 So.2d 84, wherein it was held that a conviction of an offense alleged to have been committed by use of a weapon was not warranted by evidence that merely showed the use of a fist. In *Cozart* a homicide was involved, but the opinion on the particular point seems clearly applicable to a case in which defendant is charged with an assault with a weapon or a particular instrument.

The fine assessed by the jury and the additional punishment imposed by the court are within statutory authority, Title 14, § 33, and Title 15, §§ 328, 333, and 335, Code of Alabama Recompiled 1958; Williamson v. State, 28 Ala.App. 92, 179 So. 398.

We have reviewed the entire record as provided by Title 15, § 389, Code of Alabama 1940, and conclude that there is no prejudicial error therein and that the judgment of the trial court should be affirmed.

The foregoing opinion was prepared by Supernumerary Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under Section 2, Act No. 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of this Court.

The judgment in this cause is hereby

Affirmed.

All the Judges concur.