Appellant was found guilty of the offense of assault and battery, by a jury, and was assessed a fine of $500.00; the trial judge added six months additional hard labor for the county.
 I
Appellant had been indicted and tried under an indictment charging the defendant with a violation of Title 14, § 374 (20), Code of Alabama 1940, which makes it a felony to commit an assault with a deadly instrument upon a peace officer or other law enforcement officer of this state engaged in the active discharge of his lawful duty or duties. *Page 887 
The evidence produced by the state, if believed by the jury, would substantiate that the Appellant, while under arrest by the officer allegedly assaulted and while in the custody of said officer, in the booking area of the city jail, struck the officer across the back with an aluminum chair weighing four pounds.
 II
The first claim of error is that the offense of assault and battery is not a lesser included offense under an indictment charging the defendant with a violation of Title 14, Section 374 (20). Counsel for Appellant must certainly have thought so during the progress of the trial as he not only made two motions that the charge be reduced to assault and battery as the result of the failure of the state to prove the use or existence of a deadly weapon, but also by a written requested charge likewise requested the trial court to charge that the offense of an assault was a lesser included offense. Both the Appellant and the State relied on the case of Lowe v. State,54 Ala. App. 280, 307 So.2d 86, to substantiate their respective positions in this regard.
The opinion in Lowe, supra, we believe, is correct, if in fact the instrument used be one which can be readily determined to be a deadly instrument as a matter of law. Thus, the misdemeanor section of Title 14, Section 374 (19), Code, supra, would have no application. Lowe, supra.
However, the issue here is a factual one, namely, the use bythe appellant of a chair across the back of an officer. We cannot say as a matter of law that the chair as so used is per se a deadly instrument. We are of the opinion that this issue is a matter of fact for the jury to determine under all the evidence in this case.
Where all elements of an offense separate from offense charged are present in or included among elements of charged offense, such separate offense is a lesser included offense for which defendant may be convicted, though acquitted of the offense charged. To be necessarily included in the greater offense, the lesser must be such that it is impossible to commit the greater without first having committed the lesser.
Title 15, Section 323, Code of Alabama 1940, provides:
 "When the indictment charges an offense of which there are different degrees, the jury may find the defendant not guilty of the degree charged, and guilty of any degree inferior thereto, or of an attempt to commit the offense charged; and the defendant may also be found guilty of any offense which is necessarily included in that with which he is charged, whether it be a felony, or a misdemeanor."
The offense of assault while masked or while face was hidden or partially concealed for purpose of concealing identity, though a felony, necessarily included therein the lesser offense of a simple assault, and, hence, jury was authorized to find defendant who was indicted on the felony charge guilty only of the lesser offense of a simple assault. The offense charged in this indictment though a felony, necessarily and as a matter of law included therein the lesser offense of a simple assault. Todd v. State, 35 Ala. App. 356, 46 So.2d 567.
We hold that under the facts of a particular case, an assault, an assault and battery or the offense denounced by Title 14, Section 374 (19), may all be lesser included offenses under an indictment charging the offense prescribed. Title 14, Section 374 (20), Code, supra.
A jury could and did consistently find that an assault and battery was committed on the alleged victim named in the indictment without finding that it was committed with a deadly instrument.
An instrument or weapon used in inflicting injuries upon the person of another may or may not be esteemed deadly, according to the manner of its use and the subject on which it is used. A deadly weapon is not only a weapon with which death may be easily and readily produced but one which is likely to produce death or great bodily harm from the manner in which it is *Page 888 
used. Williams v. State, 251 Ala. 397, 39 So.2d 37; Davis v.State, 57 Ala. App. 543, 325 So.2d 543, cert. denied 295 Ala. 398, 325 So.2d 546. If the jury concluded, under the circumstances of the case, that the weapon used was not a deadly weapon or instrument, it could nevertheless find that an assault and battery was committed.
 III
The Appellant next claims that the trial court committed reversible error by sustaining the State's objections to questions asked the Appellant's brother who testified in his behalf. The questions were obviously intended to elicit from the witness' testimony concerning the witness' prior difficulties with other members of the police department to show bias on the part of the officers or department against the witness and the Appellant, his brother. There was no evidence that the assaulted officer even knew the Appellant or his brother prior to the incident complained of. Likewise, there was no offer of proof that there was ever any prior difficulty between the assaulted officer and the Appellant or his brother. Likewise, when the victim testified, there was no predicate laid by the Appellant to determine any bias or lack of same on the part of the witness that could be rebutted by the type testimony sought to be elicited by the questions to which objections were sustained. Under this state of the record the trial court very properly sustained objections to the questions asked Appellant's brother about his relationship with other members of the police department as being irrelevant and immaterial.
 IV
Appellant's final contention of reversible error on the part of the trial court concerns a remark made by the trial judge to Appellant's brother while being cross-examined by the State. The record reveals the judge's remarks to be:
 "THE COURT: I wish you wouldn't try to anticipate and picture how your answers are going to sound and tell a whole lot of other stuff.
 We are going to be here all weekend with you on the witness stand, arguing with him, because you won't answer the question and quit talking."
The cross-examination of this witness had covered thirty pages of the transcript prior to the time the remarks complained of by the trial judge were made. A complete reading of the cross-examination of this witness by the State reveals the patience of the trial judge and shows the statement complained of more in context. There had been considerable bickering between the witness and the prosecuting attorney and on prior occasions the court had found it necessary to instruct the witness, thusly:
"THE COURT: You are not permitted to argue with him.
THE COURT: Just answer the question.
 THE COURT: Let me say this: We have gotten to the point now where this is getting past the point of cross-examination, bickering. I am going to have to ask both the questions and answering be done in a more orderly manner.
 We give all the latitude, both to the defense and to the prosecutor that is necessary in cross-examination to arrive at the truth, but when we get to the point where we are sort of bickering and so on that is not good."
It is obvious that the trial judge was simply endeavoring to move the trial along as quickly and orderly as possible and that such comment in no way was intended, nor did it reflect on the credibility of this witness. In Patterson v. State,191 Ala. 16, 67 So. 997, on the cross-examination of a defense witness, following a simple question propounded to him, the trial judge commented that a man of the witness' intelligence should be able to answer the question asked. The Court, in holding that the comment was not error, held that "the evident purpose of the trial judge was to reprimand the witness for failure to answer the question asked and to promote the orderly, prompt taking of the testimony on the trial." The statement of the court had no bearing or effect upon the credibility of the witness or upon the credence to be accorded *Page 889 
or that might be accorded the testimony the witness had given or should thereafter give. The statement was addressed to the witness, not to the jury, and was within the court's function to control, within proper limits, the examination of the witnesses. In any event the trial court subsequently charged the jury that the weight and sufficiency of the evidence was in the exclusive province of the jury.
 V
We have considered the entire record as required and from this examination we conclude that error is not made to appear.
The foregoing opinion was prepared by the Honorable WILLIAM C. SULLIVAN, Circuit Judge, temporarily on duty on the Court pursuant to subsection (4) of Title 13, Section 38, Code of 1940, as amended; the Court has adopted his opinion as its own.
The judgment below is hereby
AFFIRMED.
CATES, P.J., and TYSON and BOOKOUT, JJ., concur.
HARRIS and DeCARLO, JJ., dissent.