Willard J. Hooper was convicted by a Colbert County jury of sexual abuse of his nine-year-old niece, in violation of Code of Alabama 1975, § 13A-6-66. The code reads in part:
 "(a) a person commits the crime of sexual abuse in the first degree if: . . . *Page 502 
 "(3) he being sixteen years old or older, subjects another person to sexual contact who is less than twelve years old."
The Code of Alabama 1975, § 13A-6-60 defines sexual contact as being:
 "any touching of the sexual or other intimate parts of a person not married to the actor, done for the purpose of gratifying the sexual desires of either party."
 I
Appellant contends that the trial court abused its discretion in that it permitted the state's attorney to employ leading questions during his examination of the nine-year-old victim. It appears that the objections made to leading questions were made after the witness answered the questions. Thus, the issue is not preserved for appellate review. Berry v. State,408 So.2d 548 (Ala.Cr.App. 1981), cert. denied, 408 So.2d 551 (Ala. 1982), cert. denied, 456 U.S. 934, 102 S.Ct. 1989,72 L.Ed.2d 453 (1982). A review of the cases indicates, however, that use of leading questions to examine a young victim of a sex crime is not uncommon and the practice is discretionary with the trial court. See Myhand v. State, 259 Ala. 415, 66 So.2d 544
(1953); Stewart v. State, 49 Ala. App. 679, 275 So.2d 358
(1973); Jones v. State, 292 Ala. 126, 290 So.2d 165 (1974).
 II
Appellant's second issue relies on his first. He reasons that since leading questions were asked by the prosecutor, the alleged victim "never once stated from her own testimony" that the appellant committed the crime. The child responded affirmatively to the questions: "Did he touch you where you pee-pee?" "Did your Uncle Willard touch you where your panties are?" "Did he put his finger in you?" She also responded affirmatively to the question whether she touched her uncle's "no-no." We find that the direct testimony of the victim, though elicited by leading questions, was sufficient evidence to submit to the jury the question of the defendant's guilt.
 III
Finally, appellant contends that the court erred in failing to give a written requested charge on violation of § 13A-6-68, Code of Alabama 1975, the indecent exposure statute; appellant claims indecent exposure is a lesser included offense of sexual abuse. We cannot agree.
In construing the term "lesser included offense" this court has stated that "to be necessarily included in the greater offense, the lesser must be such that it is impossible to commit the greater without first having committed the lesser."Sharpe v. State, 340 So.2d 885 (Ala.Cr.App.), cert. denied,340 So.2d 889 (Ala. 1976). See § 13A-1-9, "Lesser Included Offenses," Code of Alabama 1975, and the annotations thereto.
In order to commit the type of sexual conduct proscribed by §13A-6-66, it is not necessary that the offender first expose himself to view.
Thus, this issue is without merit and this case is due to be affirmed.
AFFIRMED.
All the Judges concur.