Michael Williams, the appellant, was charged with escape in the third degree, in violation of § 13A-10-33, Code of Alabama 1975, but was convicted of resisting arrest, a violation of §13A-10-41. He was sentenced to six months' imprisonment in the county jail and was ordered to pay a $500 fine, $250 to the Crime Victims' Compensation Fund, and court costs. Williams presents two issues for review; however, because of our disposition of this case, we find it necessary to address only one of these issues.
Williams contends that the trial court erroneously instructed the jury that resisting arrest was a lesser included offense of escape in the third degree. Therefore, he apparently argues that his conviction is due to be set aside, because, he argues, he has been unlawfully convicted of a crime not contained within the indictment.
This court resolved this same question in Wilbourn v. State,452 So.2d 915 (Ala.Cr.App. 1984). The court's analysis was as follows:
 " 'A person commits the crime of resisting arrest if he intentionally prevents or attempts to prevent a peace officer from affecting a lawful arrest of himself or of another person.' Alabama Code § 13A-10-41(a) (1975). 'A person commits the offense of escape in the third degree if he escapes or attempts to escape from custody.' § 13A-10-33(a).
 "The question of whether one offense is included within another is governed by § 13A-1-9. The only portion of that statute which is relevant to this case is subsection (a)(1) which provides that an offense is an included one if '[i]t is established by proof of the same or fewer than all the facts required to establish the commission of the offense charged.' Here, it is obvious and clear that the proof necessary to establish the offense of third degree escape will not of necessity establish every element of the offense of resisting arrest. § 13A-1-9 Commentary. 'To be necessarily included in the *Page 583 
greater offense, the lesser must be such that it is impossible to commit the greater without first having committed the lesser.' Sharpe v. State, 340 So.2d 885, 887 (Ala.Cr.App.), cert. denied, 340 So.2d 889 (Ala. 1976). See also Payne v. State, 391 So.2d 140, 143 (Ala.Cr.App. 1980); Mayes v. State, 350 So.2d 339, 343 (Ala.Cr.App. 1977). The statutory definition of custody makes this clear: 'Custody. A restraint or detention by a public servant pursuant to a lawful arrest, conviction or order of court. . . .' § 13A-10-30(b)(1)."
Id. at 915-16. See also Ex parte Jordan, 486 So.2d 485 (Ala. 1986) (discussing the proper applicability of § 13A-1-9(a)(1)). We hold that the same facts or fewer than all the facts required to establish the commission of escape in the third degree do not also establish the commission of resisting arrest. Escape in the third degree and resisting arrest are separate offenses, and a defendant may be convicted of both offenses.
The state argues that this issue has not been preserved for appellate review, because Williams presents this issue for the first time on appeal and because he requested that the trial court give the complained-of instruction. We disagree. We recognize Williams's contention to be an attack upon the jurisdiction of the trial court, and, therefore, nonwaivable. But see Ex parte Harper, [Ms. 1901019, September 27, 1991], 1991 WL 189276 (Ala. 1991). This court has stated:
 " 'Jurisdiction of the offense and of the person must concur to authorize a court of competent jurisdiction to proceed to final judgment in a criminal prosecution. [Citations omitted.]
 " 'To this end, a formal accusation sufficient to apprise the defendant of the nature and cause of the accusation is a prerequisite to jurisdiction of the offense. Const. 1901, § 6; Butler v. State, 130 Ala. 127, 30 So. 338; Miles v. State, 94 Ala. 106, 11 So. 403; 12 Cyc. 221 (VI, H).
 " 'Irregularities in obtaining jurisdiction of the person may be waived, but a formal accusation by indictment, or information, or complaint supported by oath is essential to complete jurisdiction, and cannot be waived. 12 Cyc. 221; Butler v. State, supra; Johnson v. State, 82 Ala. 29, 2 So. 466.'
 "Sherrod v. State, 14 Ala. App. 57, 59-60, 71 So. 76, 78, rev'd on other ground, 197 Ala. 286, 72 So. 540 (1916)."
Ross v. State, 529 So.2d 1074 (Ala.Cr.App. 1988). Additionally, " 'if a court has no jurisdiction its action is void.' " Barbeev. State, 417 So.2d 611, 612 (Ala.Cr.App. 1982) (quoting Statev. Johns, 142 Ala. 61, 38 So. 755 (1905)). The indictment that charged Williams with having committed an offense listed only escape in the third degree as the offense. The jurisdiction of the trial court extended to that offense only. Because resisting arrest is not a lesser included offense of escape in the third degree, the trial court was without jurisdiction as to the offense of resisting arrest, and any resulting action taken by the court as to this offense was void.
Accordingly, the judgment of the trial court is due to be, and it is hereby, reversed, and the cause is remanded.
REVERSED AND REMANDED.
All Judges concur.