The appellant, Cecil Vinson, was convicted of sexual abuse in the first degree, a violation of § 13A-6-66, Code of Alabama 1975. Pursuant to the Habitual Felony Offender Act, he was sentenced to 18 years' imprisonment. He presents two issues on appeal.
 I
The appellant initially contends that the state failed to establish a prima facie case. A person commits sexual abuse in the first degree if "[h]e, being 16 years old or older, subjects another person to sexual contact who is less than 12 years old." Section 13A-6-66(a)(3), Code of Alabama 1975. "Sexual contact" is defined as "[a]ny touching of the sexual or other intimate parts of a person not married to the actor, done for the purpose of gratifying the sexual desire of either party." Section 13A-6-60(3), Code of Alabama 1975.
At trial, the victim, a nine-year-old girl, testified that on March 9, 1991, she was walking her dog near her house when she passed the appellant, who was sitting in his car with the driver's door open. When the appellant, who was over 24 years old at the time of the incident, called the dog, it went to the car and jumped into his lap. The appellant petted the dog for about five minutes, then asked the victim to give him her hand. When she complied, the appellant placed her hand on his exposed penis.
In determining the sufficiency of the evidence, we must consider the evidence in the light most favorable to the state.Barnes v. State, 565 So.2d 1274 (Ala.Cr.App. 1990). The testimony of the victim alone is sufficient to establish a prima facie case of sexual abuse. Jones v. State, 580 So.2d 97
(Ala.Cr.App. 1991). Further, the jury may infer the requisite "intent" from the act itself. McMahon v. *Page 198 State, 560 So.2d 1094 (Ala.Cr.App. 1989); Phillips v. State,505 So.2d 1075 (Ala.Cr.App. 1986).
After reviewing the facts as set out above, we hold that the evidence was sufficient to present the case to the jury and for it to find the appellant guilty of sexual abuse in the first degree.
 II
The appellant also contends that the circuit court erred by refusing to instruct the jury on the lesser included offenses of "enticing a child to enter a vehicle" and "indecent exposure" as provided under § 13A-6-69 and § 13A-6-68, Code of Alabama 1975, respectively. We disagree.
Section 13A-1-9(a)(1), Code of Alabama 1975, defines a "lesser included offense" as one that "is established by proof of the same or fewer than all the facts required to establish the commission of the offense charged." Further, "a lesser offense is necessarily included in the elements of the greater offense and therefore it would be impossible to commit a greater offense without committing the included offense."C.P. v. State, 597 So.2d 246 (Ala.Cr.App. 1992); James v.State, 549 So.2d 562 (Ala.Cr.App. 1989).
Section 13A-6-69 sets out the elements for the offense of "enticing a child to enter a vehicle" as follows in pertinent part:
 "It shall be unlawful for any person with lascivious intent to entice, allure, or persuade or invite, or to attempt to entice, allure, persuade or invite, any child under 16 years of age to enter any vehicle . . . for the purpose of proposing that such child fondle or feel the sexual or genital parts of such person."
(Emphasis added.)
In order to commit sexual abuse, it is not necessary that the offender entice, allure, persuade, or invite the victim to enter any vehicle or to attempt to do such an act. Further, we must consider the facts of each case to determine whether an offense is a lesser included offense of the crime charged. SeeEx parte Whirley, 530 So.2d 865 (Ala. 1988); Ex parte Jordan,486 So.2d 485 (Ala. 1988). Accordingly, under the facts of this case, "enticing a child to enter a vehicle" under § 13A-6-69 is not a lesser included offense of "sexual abuse in the first degree" because it requires an additional element not set out under § 13A-6-66. Cf., Hooper v. State, 448 So.2d 501
(Ala.Cr.App. 1984).
In regards to appellant's contention that indecent exposure is a lesser included offense of sexual abuse in the first degree, this court has previously held that "indecent exposure" under § 13A-6-68 is not a lesser included offense of "sexual abuse in the first degree." Hooper, supra.
The circuit judge did not err in failing to include in his instructions the elements of "enticing a child to enter a vehicle" and "indecent exposure" as neither is a lesser included offense of "sexual abuse in the first degree." See,Hooper, supra.
The judgment in this case is affirmed.
AFFIRMED.
All the Judges concur.