On Remand from the Alabama Supreme Court

PATTERSON, Judge.
This court affirmed the appellant’s convictions for possession of marijuana in the second degree, assault in the third degree, and escape in the first degree in a unpublished memorandum on December 3,1993. McReynolds v. State, 639 So.2d 590 (Ala.Cr.App.1993) (table). In its memorandum, this court addressed the appellant’s argument that the state failed to prove that he was in “custody” when he eluded the police, a necessary element of the escape statute, § 13A-10-31, Code of Ala.1975. This court made the following findings of fact:
“On July 19, 1993, the appellant was stopped by a police officer from the City of Bay Minette and a Baldwin County Sheriffs Deputy for a traffic violation. During the stop, the deputy was patting down the appellant when he grabbed a bag between his fingers in the appellant’s pocket. The appellant shoved the object back into his pocket and then ran from the scene. The deputy pursued him and saw him throw the bag that was in his pocket. Shortly thereafter, the deputy gave up the chase and went back to the location where the defendant had thrown the bag. He found a bag and it contained two partially smoked marijuana cigarettes. In the meantime, the Bay Minette police officer chased the appellant by car. He found the appellant [in] a carport and tackled him. A struggle ensued between the police officer and the appellant. During the struggle, the police officer’s gun came out of his holster and was fired. Shortly after the gun was fired, the appellant got away. The police officer continued to pursue the appellant. He caught the appellant four more times, but each time he got away. The appellant was arrested the next morning at a relative’s house.”
On the basis of these facts, this court held that the appellant employed physical force to escape from the custody of the law enforcement official who was arresting him. We held that the state’s evidence was sufficient to prove the element of custody. In reviewing our decision, the Alabama Supreme Court held that “McReynolds was not in ‘custody’; i.e., he was not being restrained or detained ‘pursuant to a lawful arrest.’ ” Ex parte McReynolds, 662 So.2d 886, 887 (Ala.1994) (quoting § 13A-10-30(b)(l), Code of Ala.1975). The Supreme Court affirmed the convictions for possession of marijuana in the second degree; did not disturb the conviction *891 for assault in the third degree; reversed and remanded the conviction for escape in the first degree; and remanded the cause to this court. Pursuant to the Supreme Court’s holding, the appellant’s conviction for escape in the first degree is reversed and a judgment rendered for the appellant. See Burks v. United States, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978). The appellant’s convictions for possession of marijuana in the second degree and assault in the third degree are affirmed.
AFFIRMED IN PART; REVERSED AND JUDGMENT RENDERED IN PART.
All Judges concur.