The appellant, Antonio Chambers, was found guilty on December 11, 1995, of menacing and criminal trespass in the third degree in Opelika Municipal Court. He appealed for a trial de novo in the Lee Circuit Court, where a jury found him guilty of the same offenses. He was sentenced to serve 6 months (180 days) in the city jail, and to pay a fine of $500 on the menacing count; on the criminal trespassing count, he was sentenced to 30 days in the city jail and was fined $200. The sentences were to run consecutively. The appellant raises two issues on appeal from his trial in circuit court.
 I.
The appellant argues that the trial court erred in refusing to give his requested jury instruction on harassment as a lesser included offense of menacing. The appellant's argument is without merit.
Evidence presented at trial tended to show that the appellant confronted Artie Collier outside of a grocery store in Opelika on December 8, 1995. (R. 50.) The appellant then mumbled something to Collier, opened his jacket, and partly revealed an automatic revolver. He then put his finger on the trigger, and told him, "I guess I'm going to have to shoot your little ass." (R. 37-39, 51-53.) Collier immediately began to walk toward his house and the appellant followed him, while continuing to threaten him. (R. 39-40, 58, 61.) Collier's mother, Jennifer Dowdell, then called the police who subsequently arrested the appellant.
Section 19-119, Code of Ordinances of the City of Opelika, which defines the crime of menacing and which is adapted from § 13A-6-23 Code of Alabama 1975, provides as follows:
 "A person commits the crime of menacing if, by physical action, he intentionally places or attempts to place another person *Page 794 
in fear of imminent serious physical injury."
The elements of the crime of harassment, as defined by § 13A-11-8, Code of Alabama 1975, are as follows:
 "(a)(1) Harassment. — A person commits the crime of harassment if, with intent to harass, annoy, or alarm another person, he or she:
 "a. Strikes, shoves, kicks, or otherwise touches a person or subjects him or her to physical contact.
 "b. Directs abusive or obscene language or makes an obscene gesture towards another person."
Section 13A-1-9, Code of Alabama 1975, provides the appropriate times in which a court may instruct the jury on a lesser included offense:
 "(a) A defendant may be convicted of an offense included in an offense charged. An offense is an included one if:
 "(1) It is established by proof of the same or fewer than all the facts required to establish the commission of the offense charged; or
 "(2) It consists of an attempt or solicitation to commit the offense charged or to commit a lesser included offense; or
 "(3) It is specifically designated by statute as a lesser degree of the offense charged; or
 "(4) It differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interests, or a lesser kind of culpability suffices to establish its commission.
 "(b) The court shall not charge the jury with respect to an included offense unless there is a rational basis for a verdict convicting the defendant of the included offense."
Additionally, this court has used the following litmus test to determine whether a crime is necessarily a lesser included offense of another:
 "Where all the elements of an offense separate from the offense charged are present in or are included among elements of charged offense, such separate offense is a lesser included offense for which defendant may be convicted, though acquitted of the offense charged. To be necessarily included in the greater offense, the lesser must be such that it is impossible to commit the greater without first having committed the lesser."
Sharpe v. State, 340 So.2d 885, 887. (Ala.Cr.App.), cert. denied, 340 So.2d 889 (1976) (emphasis added).
The crime of harassment is not a lesser included offense of menacing because one does not necessarily have to fulfill the elements of harassment to be guilty of the crime of menacing. See Ex parte McReynolds, 662 So.2d 886 (Ala. 1994) reh'g denied on remand, McReynolds v. State, 662 So.2d 890 (Ala.Cr.App. 1995) (holding that resisting arrest is not a lesser included offense of the crime of escape). One can fulfill the requirements of menacing without unconsented touching or use of abusive language or obscene gestures required for the crime of harassment. For instance, one could silently and without the accompaniment of obscene gestures aim a gun at another and place them in fear of imminent serious physical injury and be guilty of menacing but not harassment.
The trial court did not err in refusing the appellant's requested jury instruction.
 II.
The appellant contends that the evidence presented at trial was insufficient to support a guilty verdict on the charge of criminal trespass in the third degree. The appellant argues that the trial court erred in denying his motion for a judgment of acquittal at the close of the City's case-in-chief.
Evidence was presented at trial that on the evening of December 20, 1995, Curtis Dowdell, who is Artie Collier's stepfather, heard loud music in front of his house. (R. 95.) The music stopped and Dowdell heard sounds on the side of the mobile home and in the backyard. (R. 95-99.) Dowdell went to the backdoor and saw the appellant and three companions throwing rocks at his mobile home. (R. 96.) Because the backyard of the mobile home is fenced the appellant had *Page 795 
to enter the front yard and pass through the side yard. (R. 105-108.) Further testimony revealed that there were ill feelings between Dowdell's family and the appellant and that the appellant had been warned to stay off Dowdell's property. (R. 99, 115-18.)
The appellant testified that he was at Demetrius Soya's house on the night of December 20, 1995, and that he had never been warned to stay off of Dowdell's property. (R. 147-48, 157-58.)
The offense of criminal trespass in the third degree is defined in § 19-224 of the Code of Ordinances of the City of Opelika, adapted from § 13A-7-4 Code of Alabama 1975:
 "A person commits the crime of trespass in the third degree when he knowingly enters or remains unlawfully in or upon premises."
Section 13A-7-1(4), Code of Alabama 1975, defines "entering or remaining unlawfully" as follows:
 "A person enters or remains unlawfully in or upon premises when he is not licensed, invited or privileged to do so."
The word "premises," as defined in § 13A-7-1, includes any real property. In this case the premises consisted of the Dowdell family's trailer and the lot upon which it was situated.
The appellant has cited no authority for his position that to be guilty of criminal trespass the intruder must be aware that he or she had no license or privilege to enter or to remain on the premises. There is authority, however, that states that when those premises are private and not open to the public, there is no requirement that the prosecution prove that a prior written or verbal warning was given to the intruder. Gentry v. State, 595 So.2d 548 (Ala.Cr.App. 1991), overruled on other grounds by Ex parte Gentry, 689 So.2d 916
(Ala. 1996). Additionally, the prosecution may prove consent or non-consent of the occupant through circumstantial evidence.Johnson v. State, 473 So.2d 607 (Ala.Cr.App. 1985), overruled on other grounds by Ex parte Gentry, 689 So.2d 916 (Ala. 1996). (an occupant's consent is terminated when the defendant knows or has reason to know that the occupant no longer wants him to enter or remain on the land.)
In reviewing the issue of the sufficiency of evidence to support a conviction, the court must accept as true the evidence presented by the prosecution and accord it all legitimate inferences therefrom. Johnson v. State,378 So.2d 1164, 1169 (Ala.Cr.App. 1979), cert. quashed, Ex parte Johnson,378 So.2d 1173 (Ala. 1979); Cumbo v. State, 368 So.2d 871, 874
(Ala.Cr.App. 1978), cert. denied, Ex parte Cumbo, 368 So.2d 877
(Ala. 1979). We will not set aside the judgment of the trial court unless, after allowing all reasonable presumptions of its correctness, the weight of the evidence is so clearly against the verdict as to convince us that the verdict is unjust.Bridges v. State, 284 Ala. 412, 225 So.2d 821, 829 (1969).
A reading of the evidence presented above as well as other evidence presented in the record makes it clear to us that there were bad feelings between the appellant and the Dowdell's immediate family. Dowdell family members testified that they were not on speaking terms with the appellant even before the incidents which are the subject of this prosecution. Dowdell's testimony that he warned the appellant to stay off the land and the fact that Mrs. Dowdell caused the appellant to be arrested and charged with menacing less than two weeks before the trespassing incident only strengthen the City's argument that the appellant knew he was not welcome on the Dowdell's property. The appellant's presence on the Dowdell's property on the evening of December 20, 1995, was unlawful; the court did not err in denying his motion for a judgment of acquittal.
For the above-stated reasons, the judgment of the trial court is due to be, and is hereby, affirmed.
AFFIRMED.
All the Judges concur. *Page 796 
[EDITORS' NOTE: CONTAINS DECISIONS WITHOUT PUBLISHED OPINIONS.] *Page 797 
[EDITORS' NOTE: CONTAINS DECISIONS WITHOUT PUBLISHED OPINIONS.] *Page 798 
[EDITORS' NOTE: CONTAINS DECISIONS WITHOUT PUBLISHED OPINIONS.] *Page 799 
[EDITORS' NOTE: CONTAINS DECISIONS WITHOUT PUBLISHED OPINIONS.] *Page 800 
[EDITORS' NOTE: CONTAINS DECISIONS WITHOUT PUBLISHED OPINIONS.] *Page 801 
[EDITORS' NOTE: CONTAINS DECISIONS WITHOUT PUBLISHED OPINIONS.] *Page 802 
[EDITORS' NOTE: CONTAINS DECISIONS WITHOUT PUBLISHED OPINIONS.] *Page 803 
[EDITORS' NOTE: CONTAINS DECISIONS WITHOUT PUBLISHED OPINIONS.] *Page 804 
[EDITORS' NOTE: CONTAINS DECISIONS WITHOUT PUBLISHED OPINIONS.] *Page 805 
[EDITORS' NOTE: CONTAINS DECISIONS WITHOUT PUBLISHED OPINIONS.] *Page 806 
[EDITORS' NOTE: CONTAINS DECISIONS WITHOUT PUBLISHED OPINIONS.] *Page 807 
[EDITORS' NOTE: CONTAINS DECISIONS WITHOUT PUBLISHED OPINIONS.] *Page 808 
[EDITORS' NOTE: CONTAINS DECISIONS WITHOUT PUBLISHED OPINIONS.] *Page 809 
[EDITORS' NOTE: CONTAINS DECISIONS WITHOUT PUBLISHED OPINIONS.] *Page 1094