748 So.2d 190 (1999)
Ex parte N.W.
(Re N.W. v. State).
1980126.
Supreme Court of Alabama.
September 10, 1999.
Jacqueline Lyon Mixon, Montgomery, for petitioner.
Bill Pryor, atty. gen., and Andy S. Poole, asst. atty. gen., for respondent.
SEE, Justice.
In 1997, a petition was filed against N.W., a minor, charging her with the criminal offense of menacing, a violation of Ala.Code 1975, § 13A-6-23. After a bench trial, the court acquitted N.W. of the charged offense, but found her guilty of the criminal offense of harassment, a violation of Ala.Code 1975, § 13A-11-8, holding that under the particular facts of this case, harassment is a lesser offense included in the crime of menacing. The trial court adjudicated N.W. to be delinquent, placed her on probation for an indefinite period, and ordered her to pay court costs in the amount of $144 within 30 days. The Court of Criminal Appeals, on August 14, 1998, affirmed, by an unpublished memorandum. N.W. v. State (CR-97-1211), 741 So.2d 488 *191 (Ala.Crim.App.1998) (table). We granted N.W.'s petition for certiorari review. Because we hold that under the facts of this case harassment is not a lesser offense included in the crime of menacing, we reverse and remand.

I.
In June 1997, N.W., a minor, entered the Piggly Wiggly grocery store in Greenville. She walked over to the office, where the head cashier, Doris Coker, was working, and began pulling on the locked office door. According to Coker, N.W. began screaming and cursing when she could not get into the office.[1] Shantell Payne, another cashier, took N.W. to the back of the store and spoke with her. N.W. eventually left. Coker left the office and asked Payne what was wrong with N.W. Payne told Coker that N.W. was angry with Coker for telling lies about N.W. and for stating that N.W. was crazy. N.W. reentered the store later that day and began shouting and cursing at Coker. According to Payne, N.W. then moved toward Coker and stated that she was going to kill her.[2] The store's security guard stepped between N.W. and Coker before N.W. reached Coker, and escorted N.W. from the store.
In September 1997, Coker filed a petition against N.W. in the Juvenile Court of Butler County, alleging the criminal offense of menacing, a violation of Ala.Code 1975, § 13A-6-23. N.W. was tried on that petition. At the close of the prosecution's case, N.W. moved for an acquittal. The judge denied the motion, and N.W. presented her defense. After closing arguments, the judge acquitted N.W. of the criminal offense of menacing, but found her guilty of the criminal offense of harassment, a violation of Ala.Code 1975, § 13A-11-8, holding that, under the particular facts of this case, harassment is a lesser offense included in the crime of menacing. The judge adjudicated N.W. to be delinquent, placed her on probation for an indefinite period, and ordered her to pay court costs in the amount of $144 within 30 days.
N.W. appealed, arguing that the trial court erred by denying her motion for a judgment of acquittal and by holding that harassment is a lesser offense included in the crime of menacing. The Court of Criminal Appeals affirmed by an unpublished memorandum, concluding that N.W. did not preserve for appellate review the issue regarding her motion for a judgment of acquittal, and holding that, under the facts of this case, harassment is a lesser offense included in the crime of menacing.

II.
The Due Process Clauses of the Fifth and Fourteenth Amendments to the Constitution of the United States require, among other things, that the State give a juvenile defendant written notice of the charges against her. See In re Gault, 387 U.S. 1, 32, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967). However, "[s]pecification of an offense in an indictment or information shall constitute a charge of that offense and of all lesser offenses necessarily included therein." Rule 13.2(c), Ala. R.Crim. P. See generally, Rule 1(A), Ala. R. Juv. P. (stating that the Rules of Criminal Procedure apply to juvenile proceedings to the extent that they are not inconsistent with the Rules of Juvenile Procedure). Moreover, "[a] defendant may be convicted of an offense included in an offense charged." Ala.Code 1975, § 13A-1-9(a).
*192 A lesser offense is included in the offense charged if:
"(1) It is established by proof of the same or fewer than all the facts required to establish the commission of the offense charged; or
"(2) It consists of an attempt or solicitation to commit the offense charged or to commit a lesser included offense; or
"(3) It is specifically designated by statute as a lesser degree of the offense charged; or
"(4) It differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property or public interests, or a lesser kind of culpability suffices to establish its commission."
Id. (emphasis added). As the Court of Criminal Appeals explained in Chambers v. City of Opelika, 698 So.2d 792, 794 (Ala. Crim.App.1996):
"`Where all the elements of an offense separate from the offense charged are present in or are included among elements of [the] charged offense, such separate offense is a lesser included offense for which [the] defendant may be convicted, though acquitted of the offense charged. To be necessarily included in the greater offense, the lesser must be such that it is impossible to commit the greater without first having committed the lesser.'"

(Quoting Sharpe v. State, 340 So.2d 885, 887 (Ala.Crim.App.), cert. denied, 340 So.2d 889 (Ala.1976)) (emphasis added in Chambers).
The trial court found N.W. guilty of the criminal offense of harassment. Because N.W. does not assert that the evidence was insufficient to support that finding, this Court need only determine whether N.W. was given notice that she was charged with that offense. See In re Gault, 387 U.S. at 32, 87 S.Ct. 1428. The petition filed against N.W. specifically charged her only with the criminal offense of menacing. Thus, N.W. received notice that she was charged with the criminal offense of harassment only if all the elements of that offense are included among the elements of menacing, that is, only if it would be "impossible to commit [menacing] without first having committed [harassment]." Chambers, 698 So.2d at 794.
The Alabama Code defines the crime of "menacing" as follows:
"A person commits the crime of menacing if, by physical action, he intentionally places or attempts to place another person in fear of imminent serious physical injury."
Ala.Code 1975, § 13A-6-23(a) (emphasis added). The crime of "harassment" is set out at Ala.Code 1975, § 13A-11-8, which reads in pertinent part:
"(a)(1) Harassment.A person commits the crime of harassment if, with intent to harass, annoy, or alarm another person, he or she either:
"a. Strikes, shoves, kicks, or otherwise touches a person or subjects him or her to physical contact.

"b. Directs abusive or obscene language or makes an obscene gesture towards another person.
"(2) For purposes of this section, harassment shall include a threat, verbal or nonverbal, made with the intent to carry out the threat, that would cause a reasonable person who is the target of the threat to fear for his or her safety."
(Emphasis added.) Because no "physical contact" is alleged in this case, the trial court could find N.W. guilty of the offense of harassment only as that offense is set out in subparagraph b. of § 13A-11-8(a)(1).[3] However, a finding that one has *193 committed the crime of harassment, under that subparagraph, requires either proof of "abusive or obscene language" or proof of an "obscene gesture."[4] These elements are not among the elements of menacing. See Chambers, 698 So.2d at 794 ("The crime of harassment is not a lesser included offense of menacing because one does not necessarily have to fulfill the elements of harassment to be guilty of the crime of menacing."). Language, whether abusive or obscene, is not "physical action." Moreover, while a gesture might be considered "physical action," to prove one guilty of harassment the State must establish that the gesture amounted to "fighting words," an element not present in the offense of menacing.[5] See Robinson v. State, 615 So.2d 112, 113 (Ala.Crim.App.1992) ("[T]he words `abusive or obscene language' and `obscene gesture' have been `interpreted narrowly to apply only to "fighting words."'" (quoting Swann v. City of Huntsville, 455 So.2d 944, 950 (Ala.Crim. App.1984))). See generally B.E.S. v. State, 629 So.2d 761, 764 (Ala.Crim.App.1993) ("`Fighting words' are `personally abusive epithets which, when addressed to the ordinary citizen, are, as a matter of common knowledge, inherently likely to provoke violent reaction.'" (quoting Cohen v. California, 403 U.S. 15, 20, 91 S.Ct. 1780, 29 L.Ed.2d 284 (1971))). Thus, harassment is not, under the facts of this case,[6] a lesser offense included in the crime of menacing, and the trial court violated N.W.'s dueprocess rights when it found her guilty of harassment.[7]

III.
The trial court erred by finding that N.W. had committed the crime of harassment. The judgment of the Court of Criminal Appeals is reversed, and this case is remanded for an order or proceedings consistent with this opinion.
REVERSED AND REMANDED
HOOPER, C.J., and MADDOX, HOUSTON, COOK, LYONS, and JOHNSTONE, JJ., concur.
BROWN, J., recuses herself.
NOTES
[1] Written statements by Coker and another employee made on the day of the incident, however, state only that N.W. began crying when she could not get into the office.
[2] N.W. contends she did not actually threaten to kill Coker. N.W. argues that she actually stated, "Bitch, I wish you were dead." She says that when Coker asked if that statement was a threat, N.W. stated, "No, I did not threaten you. I wouldn't waste my time to kill you, but I do wish you were dead and you would rot in hell."
[3] We note that there is some ambiguity as to whether § 13A-11-8(a)(2) is merely a clarification of subsection (a)(1), requiring the prosecution to establish the elements of (a)(1), or is a completely separate definition of the offense, requiring only the establishment of the elements in (a)(2). Because only subsection (a)(1) contains the traditional language identifying the elements of a criminal offense"A person commits the crime of harassment if..."we adopt the former construction for the purposes of this appellate review.
[4] We note that even if this Court were to construe § 13A-11-8(a)(2) as stating a definition of "harassment" that is separate from the definition provided by the statement of the elements of subsection (a)(1), the result would not change. Subsection (a)(2) would still require proof of an element not included in the offense of menacing, namely an "intent to carry out the threat."
[5] In any event, we note that there is no allegation of a gesture, obscene or otherwise, in this case.
[6] We do not address whether "harassment," as it is defined under Ala.Code 1975, § 13A-11-8(a)(1)a., could be a lesser offense included in the crime of menacing.
[7] We note that N.W. also argues that the trial court erred by denying her motion for a judgment of acquittal. Our conclusion, however, makes it unnecessary to discuss this issue.