On May 23, 2001, a Baldwin County grand jury returned a 12-count indictment against Joseph Q. Stafford, charging him with one count of sexual abuse in the first degree for violating § 13A-6-66(a)(3), Ala. Code 1975 (count 1 of the indictment); four counts of sexual abuse in the first degree for violating § 13A-6-66(a)(1), Ala. Code 1975 (counts 2 through 5 of the indictment); five counts of enticing a child to propose sexual acts, a violation of § 13A-6-69, Ala. Code 1975 (counts 6 through 10 of the indictment); and two counts of harassment, a violation of § 13A-11-8(a)(1)a., Ala. Code 1975 (counts 11 and 12 of the indictment). The case came to trial on March 7, 2002. After the evidence was presented, the trial court instructed the jury on all the offenses charged in the indictment. In addition, the trial court instructed the jury that harassment was a lesser-included offense of sexual abuse in the first degree, the offense charged in counts 1 through 5 of the indictment. The jury then found Stafford guilty of harassment as a lesser-included offense of the offense charged in count 1 and count 5 of the indictment. The jury returned verdicts acquitting Stafford as to the remaining charges against him (counts 2, 3, and 4 and counts 6 through 12 of the indictment). The trial court sentenced Stafford to 90 days in jail for each conviction, the sentences to be served consecutively. The trial court suspended the sentences, placing Stafford on probation for two years.
On appeal, Stafford contends that his convictions for harassment are due to be set aside because, he argues, harassment is not a lesser-included offense within the offense of sexual abuse in the first degree.[1] *Page 1169 
Section 13A-1-9, Ala. Code 1975, provides:
 "(a) A defendant may be convicted of an offense included in an offense charged. An offense is an included one if:
 "(1) It is established by proof of the same or fewer than all the facts required to establish the commission of the offense charged; or
 "(2) It consists of an attempt or solicitation to commit the offense charged or to commit a lesser included offense; or
 "(3) It is specifically designated by statute as a lesser degree of the offense charged; or
 "(4) It differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property or public interests, or a lesser kind of culpability suffices to establish its commission."
In Ex parte N.W., 748 So.2d 190 (Ala. 1999), the Alabama Supreme Court stated:
 "'Where all the elements of an offense separate from the offense charged are present in or are included among elements of [the] charged offense, such separate offense is a lesser included offense for which [the] defendant may be convicted, though acquitted of the offense charged. To be necessarily included in the greater offense, the lesser must be such that it is impossible to commit the greater without first having committed the lesser.'"
748 So.2d at 192, quoting Chambers v. City of Opelika, 698 So.2d 792, 794
(Ala.Crim.App. 1996), quoting in turn Sharpe v. State, 340 So.2d 885, 887
(Ala.Crim.App. 1976) (emphasis added in Chambers). See also, e.g., Vinsonv. State, 601 So.2d 196, 198 (Ala.Crim.App. 1992).
As indicated earlier, the jury found Stafford guilty of two counts of harassment, as a lesser-included offense of the offense of sexual abuse in the first degree charged in count 1 and count 5 of the indictment.[2]
For purposes of our analysis in this case, then, sexual abuse in the first degree is the "greater" offense. In count 1 of the indictment, Stafford was charged with sexual abuse in the first degree under §13A-6-66(a)(3), Ala. Code 1975, which provides: "A person commits the crime of sexual abuse in the first degree if . . . [h]e, being 16 years old or older, subjects another person to sexual contact who is less than 12 years old." In count 5 of the indictment, Stafford was charged with sexual abuse in the first degree under § 13A-6-66(a)(1), Ala. Code 1975, which provides: "A person commits the crime of sexual abuse in the first degree if . . . [h]e subjects another person to sexual contact by forcible compulsion."[3] "Sexual contact" is defined in §13A-6-60(3), Ala. Code 1975, as "[a]ny touching of the sexual or other intimate parts of a person not married to the actor, done for the purpose of gratifying the sexual desire of either party." *Page 1170 
Thus, when prosecuting sexual abuse in the first degree, the State must prove an element of intent, i.e., the intent to gratify sexual desire.
Harassment, the "lesser" offense for purposes of our analysis, is defined, in pertinent part, in § 13A-11-8(a)(1)a., Ala. Code 1975, which provides: "A person commits the crime of harassment if, with intent to harass, annoy, or alarm another person, he or she . . . [s]trikes, shoves, kicks, or otherwise touches a person or subjects him or her to physical contact."[4] Thus, when prosecuting harassment, the State must prove that a defendant acted with the intent to harass, annoy, or alarm.
Harassment is not a lesser-included offense of sexual abuse in the first degree, because one does not necessarily have to fulfill the elements of harassment to be guilty of the offense of sexual abuse in the first degree. The crime of harassment requires proof of an element — the intent to harass, annoy, or alarm — that is not required to establish the crime of sexual abuse in the first degree. The intent to gratify sexual desires — which is an element of sexual abuse in the first degree — does not include an intent to harass, annoy, or alarm. Because an additional element or fact must be shown in a case of harassment, that offense may not be said to be included in the crime of sexual abuse in the first degree. Simply put, a defendant can commit the offense of sexual abuse in the first degree without also committing the offense of harassment.[5]
A trial court lacks jurisdiction to enter a judgment of conviction as to an offense not included in the indictment. E.g., Williams v. State,591 So.2d 582, 583 (Ala.Crim.App. 1991). See also Rules 13.5(a) and 13.2(c), Ala.R.Crim.P. Because harassment may not be considered a lesser-included offense of sexual abuse in the first degree, the trial court was, with respect to count 1 and count 5 of the indictment, without jurisdiction to enter a conviction for the offense of harassment; the convictions and sentences are therefore void. Accordingly, the judgment of the trial court is due to be, and it is hereby, reversed, and the cause is remanded.[6]
REVERSED AND REMANDED.
COBB, SHAW, and WISE, JJ., concur.
BASCHAB, J., recuses herself.
[1] The record on appeal does not contain a complete transcript of Stafford's trial. Instead, Stafford has provided this court with the clerk's record and with portions of the trial proceedings that contain only the trial court's jury instructions, the jury's verdicts, and the sentencing hearing. A transcript of the testimony presented at Stafford's trial is not contained in the record. The incomplete nature of the record, however, does not prevent us from assessing Stafford's argument, because the record contains the indictment and clearly reflects the jury's verdict as to each count of the indictment.
[2] Count 11 and count 12 of the indictment expressly charged Stafford with harassment; the jury acquitted Stafford as to those counts. The persons named in count 11 and count 12 as the victims were different from the victims named in count 1 and count 5 of the indictment.
[3] "Forcible compulsion" is defined in § 13A-6-60(8), Ala. Code 1975, as "[p]hysical force that overcomes earnest resistance or a threat, express or implied, that places a person in fear of immediate death or serious physical injury to himself or another person."
[4] Under § 13A-11-8(a)(1)b., Ala. Code 1975, a person also commits the crime of harassment "if, with intent to harass, annoy, or alarm another person, he or she . . . [d]irects abusive or obscene language or makes an obscene gesture towards another person." The jury in Stafford's case was instructed as to harassment only as the term is defined under § 13A-11-8(a)(1)a.
[5] This analysis applies to the crime of harassment as defined in both § 13A-11-8(a)(1)a. and § 13A-11-8(a)(1)b., because both sections require the intent to harass, annoy, or alarm. Furthermore, the crime of harassment as defined in § 13A-11-8(a)(1)b. requires proof of another element that is not required to establish the crime of sexual abuse in the first degree, i.e., the directing of abusive or obscene language or the making of an obscene gesture toward another person. Clearly, one can fulfill the requirements of sexual abuse in the first degree without using abusive or obscene language or obscene gestures required for the crime of harassment under § 13A-11-8(a)(1)b.
[6] We note that if the facts underlying the allegations in count 1 and count 5 of the indictment would support a conviction for harassment, the State may reindict Stafford for the proper offense. See Ex parte Cole,842 So.2d 605, 609 (Ala. 2002). *Page 1171