928 So.2d 327 (2005)
D.D.C.
v.
STATE of Alabama.
CR-04-1460.
Court of Criminal Appeals of Alabama.
October 28, 2005.
*328 Isabell Eaton, Huntsville, for appellant.
Troy King, atty. gen., and Kristi L. Deason Hagood, asst. atty. gen., for appellee.
BASCHAB, Judge.
Delinquency petitions were filed in the Juvenile Court of Madison County, charging the appellant, D.D.C., with three counts of first-degree sexual abuse, violations of § 13A-6-66(a)(1), Ala.Code 1975. The juvenile court adjudicated him delinquent based on three counts of harassment, violations of § 13A-11-8(a)(1)a., Ala. Code 1975, as lesser included offenses of first-degree sexual abuse, and committed him to the Department of Youth Services. The appellant did not file any post-judgment motions. This appeal followed.
The appellant argues that the juvenile court erroneously adjudicated him delinquent based on the charges of harassment because harassment is not a lesser included offense of first-degree sexual abuse. This court addressed a similar situation in Stafford v. State, 873 So.2d 1168, 1168-70 (Ala.Crim.App.2003), as follows:
"On appeal, Stafford contends that his convictions for harassment are due to be set aside because, he argues, harassment is not a lesser-included offense within the offense of sexual abuse in the first degree.
"Section 13A-1-9, Ala.Code 1975, provides:
"`(a) A defendant may be convicted of an offense included in an offense charged. An offense is an included one if:
"`(1) It is established by proof of the same or fewer than all the facts required to establish the commission of the offense charged; or
"`(2) It consists of an attempt or solicitation to commit the offense charged or to commit a lesser included offense; or
"`(3) It is specifically designated by statute as a lesser degree of the offense charged; or
"`(4) It differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property or public interests, or a lesser kind of culpability suffices to establish its commission.'
"In Ex parte N.W., 748 So.2d 190 (Ala.1999), the Alabama Supreme Court stated:
"`"Where all the elements of an offense separate from the offense charged are present in or are included among elements of [the] charged offense, such separate offense is a lesser included offense for which [the] defendant may be convicted, though acquitted of the offense charged. To be necessarily included in the greater offense, the lesser must be such that it is impossible to commit the greater without first having committed the lesser."'
"748 So.2d at 192, quoting Chambers v. City of Opelika, 698 So.2d 792, 794 (Ala. Crim.App.1996), quoting in turn Sharpe v. State, 340 So.2d 885, 887 (Ala.Crim. App.1976) (emphasis added in Chambers). See also, e.g., Vinson v. State, 601 So.2d 196, 198 (Ala.Crim.App.1992).
"As indicated earlier, the jury found Stafford guilty of two counts of harassment, as a lesser-included offense of the *329 offense of sexual abuse in the first degree charged in count 1 and count 5 of the indictment. For purposes of our analysis in this case, then, sexual abuse in the first degree is the `greater' offense. In count 1 of the indictment, Stafford was charged with sexual abuse in the first degree under § 13A-6-66(a)(3), Ala.Code 1975, which provides: `A person commits the crime of sexual abuse in the first degree if ... [h]e, being 16 years old or older, subjects another person to sexual contact who is less than 12 years old.' In count 5 of the indictment, Stafford was charged with sexual abuse in the first degree under § 13A-6-66(a)(1), Ala.Code 1975, which provides: `A person commits the crime of sexual abuse in the first degree if ... [h]e subjects another person to sexual contact by forcible compulsion.' `Sexual contact' is defined in § 13A-6-60(3), Ala.Code 1975, as `[a]ny touching of the sexual or other intimate parts of a person not married to the actor, done for the purpose of gratifying the sexual desire of either party.' Thus, when prosecuting sexual abuse in the first degree, the State must prove an element of intent, i.e., the intent to gratify sexual desire.
"Harassment, the `lesser' offense for purposes of our analysis, is defined, in pertinent part, in § 13A-11-8(a)(1)a., Ala.Code 1975, which provides: `A person commits the crime of harassment if, with intent to harass, annoy, or alarm another person, he or she ... [s]trikes, shoves, kicks, or otherwise touches a person or subjects him or her to physical contact.' Thus, when prosecuting harassment, the State must prove that a defendant acted with the intent to harass, annoy, or alarm.
"Harassment is not a lesser-included offense of sexual abuse in the first degree, because one does not necessarily have to fulfill the elements of harassment to be guilty of the offense of sexual abuse in the first degree. The crime of harassment requires proof of an element the intent to harass, annoy, or alarmthat is not required to establish the crime of sexual abuse in the first degree. The intent to gratify sexual desireswhich is an element of sexual abuse in the first degreedoes not include an intent to harass, annoy, or alarm. Because an additional element or fact must be shown in a case of harassment, that offense may not be said to be included in the crime of sexual abuse in the first degree. Simply put, a defendant can commit the offense of sexual abuse in the first degree without also committing the offense of harassment.
"A trial court lacks jurisdiction to enter a judgment of conviction as to an offense not included in the indictment. E.g., Williams v. State, 591 So.2d 582, 583 (Ala.Crim.App.1991). See also Rules 13.5(a) and 13.2(c), Ala. R.Crim. P. Because harassment may not be considered a lesser-included offense of sexual abuse in the first degree, the trial court was, with respect to count 1 and count 5 of the indictment, without jurisdiction to enter a conviction for the offense of harassment; the convictions and sentences are therefore void."
(Footnotes omitted.)
Because harassment is not a lesser included offense of first-degree sexual abuse, the juvenile court did not have jurisdiction to adjudicate the appellant delinquent based on the charges of harassment. Therefore, the juvenile court's judgment is void. Accordingly, we reverse this case *330 and remand it to the juvenile court.[1]
REVERSED AND REMANDED.
McMILLAN, P.J., and COBB, SHAW, and WISE, JJ., concur.
NOTES
[1] Because of our disposition of this issue, we pretermit discussion of the remaining issue the appellant raises in his brief to this court.